```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MATTHEW TYRONE SIMMONS,

        Petitioner,

v.                                Case No:  2:20-cv-575-JES-NPM

SECRETARY, DOC,

        Respondent.
_____

## OPINION AND ORDER

Before the Court is Matthew Tyrone Simmons' (Simmons or petitioner) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #1).  Simmons challenges his conviction for sexual battery and resulting life sentence.  Respondent filed a Response (Doc. #18).  For the reasons set forth below, the issues raised in the Petition are denied.

### I.   Background

On May 21, 2015, the State of Florida charged Simmons with two counts of sexual battery on two of his daughters, both of whom were under 12 years of age.  (Doc. #18-2 at 11).  Public defender Ryan Downey represented Simmons.  Before trial, Downey requested a competency evaluation for Simmons.  (Id. at 179).  The trial court appointed Dr. Keegan Culver to evaluate Simmons.  (Id. at 188).  Dr. Culver opined that Simmons was incompetent to proceed but expressed reservations about her conclusion.  (Id. at 201).

The court appointed a second evaluator—Dr. Douglas Shadle—as required by Fla. Stat. § 916.12. (Id. at 278). Dr. Shadle diagnosed Simmons with persistent depressive disorder, cannabis use disorder, and speech sound disorder but found him competent to stand trial. (Id. at 292). After hearing testimony from both experts, the trial court found Simmons competent to proceed. (Id. at 370).

In a letter filed with the trial court on May 13, 2016, Simmons stated he did not want Downey to represent him. (Id. at 372). After a Faretta[1] and Nelson[2] hearing, the court granted Simmons' request for self-representation and denied his request for substitute counsel. (Id. at 460-64). The court reappointed the public defender about a month later at Simmons' request. (Id. at 486). Simmons then wrote another letter requesting to proceed pro se. (Id. at 493). After discussing the issue with Simmons during a hearing, the Court appointed Dr. Shadle to evaluate whether Simmons was competent to represent himself. (Id. at 519). Dr. Shadle again found Simmons competent to proceed to trial, but not competent to waive his right to counsel. (Id. at 540). The trial court denied Simmons' request for self-representation. (Id. at 585).

---

[1] Faretta v. California, 422 U.S. 806 (1975).
[2] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

After a three-day trial, the jury found Simmons guilty on both counts. (Id. at 1574-76). The court sentenced Simmons to imprisonment for life, as required by Fla. Stat. § 775.082(1)(a). (Id. at 1631). The Second District Court of Appeal of Florida (2nd DCA) affirmed without a written opinion. (Id. at 1746).

Simmons filed several state postconviction motions before the 2nd DCA affirmed his conviction, and the postconviction court denied them because it lacked jurisdiction while the appeal was pending. Simmons filed an amended postconviction motion under Florida Rule of Criminal Procedure 3.850 on September 16, 2019, followed by other various motions and letters. (Id. at 1888-1974). The postconviction court summarily denied the motions. (Id. at 1976-84). Simmons' appeal was pending when he filed his federal habeas Petition, but the 2nd DCA has since affirmed. Simmons v. State, 311 So. 3d 843 (2021).

Simmons filed more than twenty additional motions, petitions, and letters in the state courts. The state courts denied most, and others were pending when Simmons filed his Petition in this Court.

**II. Applicable Habeas Law**

   **A. AEDPA**

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the

merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. White v. Woodall, 134 S. Ct. 1697, 1702 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Wilson v. Corcoran, 562 U.S. 1, 16 (2010).

**B. Exhaustion and Procedural Default**

AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of relief available under state law. Failure to exhaust occurs "when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d

- 4 -

732, 735 (11th Cir. 1998).

Procedural defaults generally arise in two ways:

> (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) where the petitioner never raised the claim in state court, and it is obvious that the state court would hold it to be procedurally barred if it were raised now.

Cortes v. Gladish, 216 F. App'x 897, 899 (11th Cir. 2007).  A federal habeas court may consider a procedurally barred claim if (1) petitioner shows "adequate cause and actual prejudice," or (2) "the failure to consider the claim would result in a fundamental miscarriage of justice."  Id. (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)).

**III. Analysis**

    **A. Ground 1: No grand jury indictment, no twelve-person jury, and speedy trial violation**

Simmons claims the state court violated his rights to be indicted by a grand jury, to be tried before a twelve-person jury, and to a speedy trial.  Simmons did not raise these claims at trial or on direct appeal, and they are both unexhausted and procedurally barred, and meritless.

Simmons argued in his Rule 3.850 motion that state law entitled him to trial before a twelve-person jury, rather than the six-person jury that found him guilty.[3]  (Doc. #18-2 at 1891).

---

[3] Simmons also objected to the size of the jury in other

The postconviction court rejected the claim as non-cognizable in a Rule 3.850 motion because Simmons could have raised it at trial and on direct appeal. (Id. at 1980); see also Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal"). Accordingly, the issue is procedurally defaulted and barred from review in a § 2254 proceeding.

Even if Simmons did properly present his argument in state court, he did not argue a violation of federal law. A violation of state law does not warrant federal habeas relief. See Wilson, supra. In any event, the Supreme Court held in Williams v. Florida that trial before a six-person jury does not violate a criminal defendant's federal constitutional rights. 399 U.S. 78, 103 (1970). Accordingly, if not procedurally defaulted the issue is without merit.

Simmons' argument regarding the lack of indictment by a grand jury fails for the same reasons. It appears Simmons raised this issue for the first time in a postconviction motion filed on April 19, 2018. (Doc. #18-2 at 1839). The postconviction court dismissed the motion because it was unsigned, facially insufficient, and presented claims that were not cognizable under

---

postconviction letters and motions, but the state courts rejected them for procedural reasons.

Rule 3.850. (Id. at 1883). Accordingly, the issue is procedurally defaulted and barred from review in a § 2254 proceeding.

Even if Simmons had exhausted this claim by raising it at trial and on appeal, it has no merit. See McDonald v. City of Chicago, 561 U.S. 742 (2010) ("Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury.") Accordingly, if not procedurally defaulted the issue is without merit.

Simmons' speedy trial claim is a single conclusory statement: "My trial was not a speedy trial therein being capital felony document on all the court records punishable by life." (Doc. #1 at 5). It does not appear Simmons raised a speedy trial argument in state court. Accordingly, the issue is procedurally defaulted and barred from review in a § 2254 proceeding.

In addition to being unexhausted, the claim is facially insufficient. Courts consider four factors when evaluating a speedy trial claim: "(1) the length of the delay, (2) the reason for the delay, (2) the defendant's assertion of his right, and (4) prejudice to the defendant." Castillo v. Florida, 630 F. App'x 1001, 1007 (11th Cir. 2015). The Petition does not address any of these factors. Accordingly, if not procedurally defaulted the issue is without merit.

In sum, the three unexhausted claims raised in this ground are procedurally barred here because they are now barred by state procedural rules. The state postconviction court found the grand jury and 12-person jury claims barred by Rule 3.850(c), and the speedy trial claim would be barred by the same rule if Simmons raised it in state court now. Ground 1 is denied.

### B. Ground 2: Insufficient evidence

Simmons next attacks his conviction for sexual battery because there was no physical evidence of penetration or injury. Simmons raised this issue in many trial court filings, and the trial court struck or denied them all. Simmons also raised it on direct appeal. (Doc. #18-2 at 1691).

The Fourteenth Amendment's Due Process Clause "protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  Jackson v. Virginia, 443 U.S. 307, 315 (1979). A federal habeas court does not ask "whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Id. at 319 (quotation marks and citation omitted). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (quotation marks and citation omitted).

Fla. Stat. § 794.011(2) provides: "A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony[.]"  In Florida, "'Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object[.]"  Fla. Stat. § 794.011(1)(h).

Simmons fails to show the evidence was insufficient to support his conviction.  He was not charged with attempted sexual battery, so the State did not need to produce evidence of injury to sexual organs.  Penetration, on the other hand, was an essential element for both counts, and the State presented enough evidence for a rational trier of fact to find beyond a reasonable doubt that penetration occurred.

Both victims, S.A. and Z.A., testified that Simmons penetrated their vaginas with his finger and had them put their mouths between his legs.  (Doc. #18-2 at 1100, 1102-04, 1111-12, 1163, 1165, 1168).  Simmons' mother-in-law (the victims' grandmother) testified that S.A. reported to her that Simmons would make her perform oral sex and would put his finger in her vagina.  (Id. at 1245-46).  She also testified that Z.A. reported that Simmons put his finger in her vagina, and that she had seen S.A. perform oral sex on Simmons.  (Id. at 1246).  Jean Rafacz, a nurse

practitioner who interviewed the victims, gave similar testimony—both girls described digital penetration and said that Simmons had S.A. perform oral sex. (Id. at 1277-78, 1281-82). Based on this testimony, a rational jury could find beyond a reasonable doubt that Simmons penetrated both victims' vaginas and S.A.'s mouth. Ground 2 is denied.

### C. Ground 3: Violation of the right to self-representation

Simmons claims the trial court declared him legally competent to represent himself, then found him incompetent to represent himself a month later for "no real reason." (Doc. #1 at 8). Simmons raised this argument in his Rule 3.850 motion, and the postconviction court found it procedurally barred under Rule 3.850(c) because Simmons did not raise it on direct appeal. (Doc. #18-2 at 1980). This ground, like Ground 1, is therefore unexhausted and procedurally barred.

Alternatively, this ground is also refuted by the record and is meritless. The trial court found Simmons competent to proceed on May 6, 2016. (Id. at 370). On June 16, 2016, after a lengthy Faretta inquiry, the court found Simmons competent to represent himself. (Id. at 460). The trial court reversed course on August 3, 2016. (Id. at 583). But rather than "no real reason," the trial court based its decision on Dr. Shadle's July 20, 2016 report, Simmons' in-court statements on July 6, 2016, and Simmons'

subsequent written correspondences, all of which suggested he was unable to defend against the charges on his own. (Id.) The trial court's decision was consistent with federal law. "[T]he Constitution permits States to insist upon representation by counsel for those competent enough to stand trial…but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves." Indiana v. Edwards, 554 U.S. 164, 178 (2008). Ground 3 is denied.

### D. Ground 4: Cruel and unusual punishment and double jeopardy

Finally, Simmons claims that his life sentence is cruel and unusual punishment and that his conviction "twice put [his] life in jeopardy for the same offence." (Doc. #1 at 10). Simmons first raised these arguments in documents filed after the postconviction court denied his 3.850 motion. (Doc. #18-3 at 218, 289). As with Grounds 1 and 3, Simmons failed to exhaust these claims in state court by raising them at trial and on direct appeal. And because Simmons cannot now raise them in state court, see Fla. R. Crim. P. 3.850(c), they are procedurally barred.

Alternatively, Ground 4 is also frivolous. Simmons was convicted of two counts because the jury determined he committed two separate crimes against two victims. That does not violate the Double Jeopardy Clause. Nor does Simmons' sentence violate the Eighth Amendment. When a prisoner challenges his term of

imprisonment, the Eighth Amendment "forbids only 'extreme sentences that are grossly disproportionate to the crime.'" United States v. Lipscomb, 819 F. App'x 791, 798 (11th Cir. 2020) (quoting United States v. Farley, 607 F.3d 1294, 1340-41 (11th Cir. 2010)). Sentences within the statutory guidelines generally do not violate the Eighth Amendment. Id. Florida law required the trial court to sentence Simmons to life imprisonment, and Simmons has not shown it was grossly disproportionate to his crimes.

Ground 4 is denied.

### E. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Simmons has not made the requisite

showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is hereby

**ORDERED:**

Matthew Tyrone Simmons' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. #1) is **DENIED.** The Clerk is **DIRECTED** to enter judgment against Petitioner and for Respondent, terminate all motions and deadlines, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of January 2022.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record